PROB 12B  
(08/16)

September 10, 2020  
pacts id: 345382

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Request for Modifying the Conditions or Term of Supervision
(Probation Form 49, Waiver of Hearing is Attached)

**Name of Offender:** William Herron (English)     **Dkt No.:** 14CR00073-001-CAB

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Sentence:** 84 months in custody; ten years of supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Date of Sentence:** September 26, 2014

**Date Supervised Release to Commenced:** October 5, 2020

**Prior Violation History:** None.

---

## PETITIONING THE COURT

**TO MODIFY THE CONDITIONS OF SUPERVISION AS FOLLOWS:**

**REMIT:**

Not use or possess devices which can communicate data via modem or dedicated connection and may not have access to the internet without prior approval of the court or the probation officer. The offender shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the offender. The offender shall pay for the cost of installation of the computer software.

Not associate with or have any contact with any sex offenders unless in an approved treatment and/or counseling setting.

Not have unsupervised contact with any child under the age of 18, unless in the presence of a supervising adult (who is aware of the defendant's deviant sexual behavior and conviction), and with the prior approval of the probation officer.

Not loiter within 200 yards of a school, schoolyard, playground, park, amusement center/park, public swimming pool, arcade, daycare center, carnival, recreation venue, library and other places frequented by persons under the age of 18, without prior approval of the probation officer.

Not possess any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children and/or adults, as defined by 18 U.S.C. § 2256(2); and not patronize any place (primarily established to sale) where such materials or entertainment are available.

Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of the ABEL assessment, at the direction of the court or probation officer; and that the offender participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer based on ability to pay.

PROB12B

Name of Offender: William Herron                                                September 10, 2020
Docket No.: 14CR00073-001-CAB                                                            Page 2

**ADD:**

Be monitored while under supervision with location monitoring technology at the discretion of the probation officer, which must be utilized for the purposes of verifying compliance with any court-imposed condition of supervision. The offender must pay all or part of the costs of location monitoring based on their ability to pay as directed by the court and/or probation officer.

Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 120 days (non-punitive).

Not use or possess any computer, computer-related devices (pursuant to 18 U.S.C. § 1030(e)(1)), which can communicate data via modem, dedicated connections or cellular networks, and their peripheral equipment, without prior approval by the court or probation officer, all of which are subject to search and seizure. The offender must consent to installation of monitoring software and/or hardware on any computer or computer-related devices owned or controlled by the offender that will enable the probation officer to monitor all computer use and cellular data. The offender must pay for the cost of installation of the computer software.

Not associate with, or have any contact with, any known sex offenders unless in an approved treatment and/or counseling setting.

Not initiate any contact (personal, electronic or otherwise) or associate with anyone under the age of 18, unless in the presence of a supervising adult who is aware of the offender's deviant sexual behavior and nature of offense and conviction, with the exception of the offender's biological children, unless approved in advance by the probation officer.

Not loiter within 200 yards of a school, schoolyard, playground, park, amusement center/park, public swimming pool, arcade, daycare center, carnival, recreation venue, library and other places primarily frequented by persons under the age of 18, without prior approval of the probation officer.

Not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), and not patronize any place where such materials or entertainment are the primary material or entertainment available.

Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of a visual reaction time (VRT) assessment, at the direction of the court or probation officer. If deemed necessary by the treatment provider, the offender shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program. The Court authorizes the release of the presentence report, and available psychological evaluations to the treatment provider, as approved by the probation officer. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. Polygraph examinations may be used following completion of the formal treatment program as directed by the probation officer in order to monitor adherence to the goals and objectives of treatment and as a part of the containment model.

## CAUSE

Since Mr. Herron's sentencing on September 26, 2014, the U.S. Probation office has made changes to some of the special conditions ordered in this case. Specifically, the conditions regarding contact with minors and possession of pornography were updated to comply with changes in case law as a result of *U.S. v Wolf Child*, and *U.S. v Gnirke*, respectively. The sex offender treatment condition has been updated to include ongoing polygraph testing after the completion of formal sex offender treatment. This change will allow the probation officer to more effectively monitor the offender's adherence to treatment goals throughout supervised release and is a part of the containment model. Additionally, the loitering, sex offender contact and computer monitoring conditions have been updated to reflect the most recent wording used in this district. Finally, Mr. Herron will release from custody on October 5, 2020, and does not have an approved residence in San Diego. The undersigned recommends placement at the residential reentry center (RRC) in order to assist him in securing employment and housing. In the event a bed at the RRC is not immediately available, the offender will be homeless. Therefore, a GPS monitoring condition is recommended for the period of time which he is homeless in order to monitor his whereabouts in the community.

Mr. Herron is in agreement with these modifications as evidenced by his signature on the attached Waiver of Hearing form.

Respectfully submitted:									Reviewed and approved:

by    _____						_____
        Crystal D. Tignor										Paula D. Burke
        Senior U.S. Probation Officer								Supervisory U.S. Probation Officer
        (619) 557-5653

													bmc

Attachments: _____

**THE COURT ORDERS:**

  X     THE MODIFICATION OF CONDITIONS AS NOTED ABOVE

_____     Other _____

_____

_____									9/11/2020
The Honorable Cathy Ann Bencivengo								Date
U.S. District Judge